IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GILBERT SERRANO,

    Plaintiff,

vs.                                                       Civil Case No.

UNITED STATES OF AMERICA,
JOHN DOES 1, 2, 3, & 4 and JANE DOES
1, 2, & 3, in their official capacities
as Deputy United States Marshals, and in their
individual capacities,

    Defendants.

**COMPLAINT FOR FEDERAL TORT CLAIM ACT VIOLATIONS, CIVIL RIGHTS VIOLATIONS PURSUANT TO *BIVENS V. SIX UNKNOWN NAMED AGENTS OF FEDERAL BUREAU OF NARCOTICS*, AND FOR DAMAGES**

    Plaintiff, Gilbert Serrano, by and through his attorneys (Robert J. Gorence and Louren Oliveros) Gorence & Oliveros, P.C., presents his Complaint for Damages against Defendants, United States of America, John/Jane Does, in their official capacities as Deputy United States Marshals, and in their individual capacities, and states as follows:

**JURISDICTION**

    1.     This is an action to recover damages and other relief under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.* and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971).

    2.     The claims arise from the acts and omissions of Deputy United States Marshals during their arrest of Plaintiff Gilbert Serrano ("Mr. Serrano") in a business parking lot located at or near 1528 Five Points, S.W., Albuquerque, NM, which is within the federal judicial district designated as the United States District Court for the District of New Mexico.

3. Mr. Serrano seeks recovery from the Defendants for the conduct of the Deputy United States Marshals based upon all relevant causes of action as applicable under state and federal law, including all statutory, constitutional, and common law.

4. With respect to Mr. Serrano's claims under the Federal Tort Claims Act, on or about August 21, 2014, an administrative claim in the amount of six million dollars ($6,000,000.00) was timely mailed to the local office of the United States Marshal's Service for the District of New Mexico in Albuquerque, New Mexico. Receipt was confirmed. To date, Mr. Serrano has received no final disposition of his administrative Tort Claims Notice, and more than six months have passed since the Notice was submitted. Pursuant to 28 U.S.C. § 2675(a), Plaintiff is entitled to file this action.

## PARTIES

5. At all times material hereto, Plaintiff, Gilbert Serrano, was a resident of the State of New Mexico.

6. At all times material hereto, Defendant, United States of America, was a sovereign entity having the United States Marshals Service as one of its duly authorized agencies within the United States Department of Justice.

7. Defendant, United States of America, through its federal agencies is responsible or vicariously liable for the violent actions of the United States Deputy Marshals acting in the apprehension of Plaintiff Gilbert Serrano.

8. At all times material hereto, Defendants, John/Jane Does, were employees of the United States Marshals Service, employed as Deputy United States Marshals and were acting

individually and within the course and scope of said employment. These Defendants are named in their official capacities as Deputy United States Marshals and in their individual capacities.

## FACTUAL ALLEGATIONS

9. On the morning of April 1, 2014, Mr. Serrano was leaving the parking lot of Recovery Services of New Mexico, located at 1528 Five Points, S.W., Albuquerque, NM when he saw an unmarked, black SUV out of the corner of his eye.

10. The vehicle was approaching at a high rate of speed and appeared to be out of control.

11. The vehicle was not marked and had no insignia indicating that it was an official law enforcement vehicle.

12. Upon information and belief, the vehicle was being operated by United States Marshals Deputies.

13. The Defendant Deputy United States Marshals Jane and John Does, (hereinafter "Individual Defendants") wore plainclothes.

14. The Individual Defendants had no uniforms and displayed no insignia indicating that their status as deputy marshals.

15. The Individual Defendants did not identify themselves or announce their presence.

16. Mr. Serrano immediately shifted his vehicle into reverse to avoid a collision.

17. As he was attempting to reverse, the Individual Defendants got out of their vehicles and headed in Mr. Serrano's direction with their weapons drawn and pointed at him.

18. Neither Defendant Jane Doe, nor any other United States Deputy Marshal warned Mr. Serrano that deadly force would be used against him.

19. Mr. Serrano did not threaten law enforcement verbally or by his gestures or conduct.

20. One of the Individual Defendants, Defendant Jane Doe, fired her weapon through the windshield of Mr. Serrano's vehicle and shot him in the head.

21. Mr. Serrano saw a flash and a silhouette of a person outside as he felt the left side of his body drop beneath him. He could not move and was bleeding from his head.

22. After he was shot in the head, an Individual Defendant, Defendant John Doe, approached Mr. Serrano's vehicle, grabbed him, threw him to the ground. Mr. Serrano had no control over his body and could not move himself.

23. While he was incapacitated and bleeding profusely, Defendant John Doe struck Mr. Serrano in the head and shouted at him.

24. Mr. Serrano was arrested and taken to a substation where he was forced to give a statement and he was then taken to the University of New Mexico Hospital Emergency Department ("UNMH").

25. At UNMH, Mr. Serrano was treated for serious and life threatening injuries, including but not limited to a skull fracture, weakness, numbness, tingling, and loss of function in the left side of his body as well as numerous bruises and lacerations.

26. Mr. Serrano's vehicle was damaged in the shooting, and it was impounded and ultimately sold at auction to a scrap recycler.

27. Mr. Serrano has incurred medical expenses as a result of being shot in the head by the Defendants and he will continue to incur future medical expenses.

28. As a result of the conduct of the Defendants, Mr. Serrano has suffered physical injuries and harm, both temporary and permanent, emotional harm and distress, pain and suffering, and a loss of enjoyment of life.

29. The conduct of the Individual Defendants was willful and reckless sufficient to warrant punitive damages.

## COUNT I
## PLAINTIFF'S FEDERAL TORT CLAIMS ACT ACTION AGAINST DEFENDANT UNITED STATES OF AMERICA

30. Plaintiff, Gilbert Serrano, re-alleges, reavers and incorporates by reference paragraphs 1 through 28, inclusive of this Complaint for Damages, as if set forth fully herein.

31. The Individual Defendants, while acting in the scope of their employment as law enforcement officers, committed acts and omissions that constitute torts under New Mexico law. Thus, pursuant to the Federal Tort Claims Act, Mr. Serrano is seeking recovery from Defendant United States of America for the damages resulting from these actions.

32. Defendant Jane Doe in her official capacity as a Deputy United States Marshal intentionally, recklessly, or negligently fired a bullet into Mr. Serrano's head. This amounts to the torts of assault, battery, abuse of process, violation of federal and state constitutionals rights, recklessness, gross negligence and negligence under New Mexico law.

33. Defendants John/Jane Does in their official capacity as Deputy United States Marshals intentionally, recklessly or negligently forced Mr. Serrano from his vehicle and pushed him to the ground, forcing his face to the pavement and struck him while he was incapacitated and in need of immediate medical attention. These actions amount to assault and battery under New Mexico law.

34. Defendants breached their duty to act as reasonably prudent law enforcement officers when they failed to identify themselves to Mr. Serrano, knowing their vehicles were unmarked and they were not in uniform; failed to give instructions or a warning that force would be used; and used deadly force even though Mr. Serrano did not present a threat. These actions amount to recklessness or gross negligence under New Mexico law.

35. As a direct and proximate result of the intentional, reckless, and negligent acts and omissions of Defendants, Mr. Serrano suffered physical, emotional, and economic damages as well as future medical expenses, pain and suffering, loss of enjoyment of life, and other damages.

## COUNT II
## PLAINTIFF'S *BIVENS* ACTION AGAINST DEFENDNTS JOHN/JANE DOES

36. Plaintiff, Gilbert Serrano, re-alleges, reavers and incorporates by reference paragraphs 1 through 35, inclusive of this Complaint for Damages, as if set forth fully herein.

37. The Individual Defendants violated Mr. Serrano's well-established Constitutional rights, including his right under the Fourth Amendment to be free from unreasonable seizure, his right under the Eighth Amendment to be free from cruel and unusual punishment, his right under the Fifth and Fourteenth Amendments to due process when they stopped him without identifying themselves, shot him in the head without justification, and held his bleeding face and head into the ground and struck him.

38. The Individual Defendants violated clearly established Constitutional rights of which a reasonable person would have known. The right to be free from unreasonable searches and seizures has long been a clearly established right as has the right to be free from excessive punishment and physical harm in the absence of due process of law. A reasonable Deputy United

States Marshal, confronted with the specific facts presented in this case and the law in effect at the time, would have known that their conduct violated Mr. Serrano's Constitutional rights.

39. These unreasonable, reckless and deliberately indifferent violations of Mr. Serrano's Constitutional rights directly caused Mr. Serrano to suffer the loss of his vehicle, physical, emotional, and economic damages as well as future medical expenses, pain and suffering, loss of enjoyment of life, and other damages.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, Gilbert Serrano, demands judgment for compensatory and special damages against all Defendants and punitive damages against Defendants John/Jane Does, in their individual capacities in an amount sufficient to punish them and to deter future misconduct, for costs, expenses and attorneys' fees, and for such other relief this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all counts so triable.

Respectfully submitted,

*/s/ Louren G. Oliveros*
Louren Oliveros
Robert J. Gorence
Christina Cavaleri
Gorence & Oliveros, P.C.
1305 Tijeras Avenue, NW
Albuquerque, NM 87102
Phone: (505) 244-0214
Facsimile: (505) 244-0888
Email: gorence@golaw.us
oliveros@golaw.us
cavaleri@golaw.us

*Attorneys for Plaintiff Gilbert Serrano*